IN THE

# SUPREME COURT

OF THE

## STATE OF WISCONSIN.

---

### DECEMBER TERM, 1851.

---

### STREETER vs. FRANK and another.

OFFICER.—PRINCIPAL AND AGENT.—A., being a constable, had an execution against S.; issued on a judgment from which he was perfecting an appeal and stay of proceedings, offered to receive the necessary papers and deliver them to the justice, and receive a certificate of the allowance of the appeal. He received the papers for that purpose, and delivered them to the justice, but refused to receive the certificate of allowance of appeal, and proceeded to collect the execution by seizure of the property of S. In an action against the constable and the judgment creditor for such seizure, *held,*

1. That A., though he held such execution as constable, might lawfully become the agent of S. for the purposes aforesaid; and, having accepted the agency, was bound to execute it in good faith.

2. That in failing to execute it under such circumstances, he committed a fraud on S., for which he was liable in damages; that the seizure was wrongful, and the execution, if fair on its face, would be no protection to him.

(4 Chand., 9.)

ERROR to the County Court of *Jefferson* County.

*Streeter* brought an action of trespass against *Frank* and *Allen* for taking and carrying certain of his goods and chattels, and the defendants pleaded the general issue ; *Allen* giving notice that he took the property in question as a constable by virtue of a writ of execution, in an action of replevin between *Streeter* and *Frank*, which commanded him to take the same and deliver it to said *Frank*. Judgment was given in favor of the plaintiff and against *Allen* for damages and costs, and he appealed to the county court. At the trial in the county court, the jury were instructed that in order to stay the proceedings of the officer on the execution, the certificate of the justice that an appeal had been allowed should be served on the officer; that the certificate of the justice was the evidence of the allowance of the appeal, and if no such certificate was served on the officer, then they should find for the defendant. And the judge refused to instruct the jury that, if *Allen* knew of the appeal or waived notice of it, and took the property, they should find for the plaintiff. And in the county court verdict and judgment were given for the defendant *Allen*, and *Streeter* prosecuted a writ of error.

*T. & J. Prentiss*, for plaintiff in error, argued that as *Allen*, by his promise, induced the plaintiff to intrust to him the perfecting of the appeal, and the procurement of a certificate of its allowance, he was estopped from setting up the execution as a defense or the want of service of such certificate; that he could not be allowed to take advantage of his own wrong, and thus perpetrate a fraud on the plaintiff. They cited 8 Wend., 483 ; 1 Greenl. Ev., 207.

*Collins, Smith & Kissam*, for defendant in error, contended that *Allen* was protected by the execution and was obliged to execute it, and cited 9 Cow., 140 ; 24 Wend., 485 ; 5 Hill, 440 ; and that the allowance of an appeal after execution issued did not necessarily stop the officer in the discharge of his duty. R. S., ch. 88, sec. 232.

Streeter vs. Frank and another.

KNOWLTON, J.   It appears in this case, that the defendant, *William T. Allen*, was a constable, and held an execution against the plaintiff, *Aaron Streeter*, who was perfecting an appeal from the judgment on which execution issued, when *Allen* demanded payment of the execution, which bore date December 10, 1851, issued upon a judgment rendered the same day in an action of replevin.   This was the next day, December 11.   The attorney of *Streeter* informed *Allen* of the fact. *Allen* then told the said attorney that he would take the papers for the appeal to the justice who rendered the judgment, and that nothing more should be done on the execution.   The attorney replied to *Allen*, that unless he was perfectly willing to take the papers to the justice and receive from him a certificate of the allowance of the appeal, he would send a man specially for that purpose.   *Allen* replied that he was going directly past the house where the justice lived, and could just as well do the business as not, *and would do it;* and would take the certificate from the justice, and see that no further proceedings should be had.   *Allen* took the papers and delivered them to the justice, but refused to take the certificate of the allowance of the appeal.   He then proceeded to execute the execution, and returned it satisfied on the 15th of December.

*Allen* agreed to act as the agent of *Streeter*.   There was no law against *Streeter* appointing him his agent, and none against *Allen* accepting the agency.   Having accepted it, he was bound to execute it in good faith.   In failing to perform his trust, and proceeding to execute the writ, he committed a fraud in fact and in law upon his principal, and must respond in damages.   He cannot be permitted to take advantage of his own fraud.

It is true that an officer is protected by process regular and legal on its face, whatever he may have heard going to impeach it.   The writ is his protection; but this rule cannot apply in this case, where fraud is so apparent.

We are of opinion that the court below erred, and that its judgment should be reversed.

Judgment reversed.